**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

OWN CAPITAL, LLC,

    Plaintiff,

v.                                                                  Case No. 10-51256

CELEBRITY SUZUKI OF ROCK HILL, LLC, and
HELMI FELFEL,

    Defendants.
                                                       /

**ORDER DIRECTING PLAINTIFF TO FILE PROOF OF SERVICE OF APPLICATION**

On November 15, 2010, Plaintiff applied for an order confirming an arbitration award. Finding Plaintiff's averments of diversity of citizenship unsatisfactory, the court ordered Plaintiff to show cause on November 19, 2010. In that order, the court cited 9 U.S.C. § 9, which requires service upon the adverse party before a confirmation order may be entered, and directed Plaintiff to provide proof of service if the requirements of diversity of citizenship were satisfied. On November 29, 2010, Plaintiff filed its response to the order to show cause, along with a certificate of service. The certificate provides: "The undersigned certifies that on November 29, 2010 she served a copy of OWN Capital, LLC's Jurisdictional Statement upon all parties to the above cause and their counsel." However, 9 U.S.C. § 9 states in relevant part: "Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding." Thus, while Plaintiff has provided proof of service of its response to the order to show cause, it has not provided proof of service of its application as is required by § 9.

An application for a confirmation order under § 9 is treated as a motion. 9 U.S.C. § 6. Therefore, the court must await a response before ruling on the application. *See Health Svcs. Mgmt. Corp. v. Hughes*, 975 F.2d 1253, 1257-58 (7th Cir. 1992) (holding that 9 U.S.C. § 6 preempts a Rule 16 pretrial scheduling conference and that district court properly treated application for judgment as a motion, where district court ruled after response had been filed), *abrogated on other grounds by Bavarati v. Josephthal, Lyon & Ross, Inc.*, 28 F.3d 704, 706 (7th Cir. 1994); *Minkoff v. Scranton Frocks, Inc.*, 172 F. Supp. 870, 877 (S.D.N.Y. 1959) ("This motion, and petitioner's opposition thereto, is based on the misconception that respondents' opposition to confirmation of the award is to be manifested by an answer. Under both the state and federal law, the proceeding to confirm the award is brought on by motion, as was done here. Accordingly, under each law, respondents' opposition will be by opposing affidavits . . . ." (citations omitted)). As a motion for a confirmation order is not listed in Local Rule 7.1(e)(1)(A), the motion is treated as nondispositive, and the adverse party is given 14 days from service to respond. E.D. Mich. LR 7.1(e)(2). Three extra days to respond are given to the adverse party when service is made by certain specified means, including by mail. Fed. R. Civ. P. 6(d); *see* Fed. R. Civ. P. 5(b)(2)(C)-(F). The court will wait 17 days for a response, and because the day of service is not counted, Fed. R. Civ. P. 6(a)(1)(A), in the absence of a response the court will enter the confirmation order on the eighteenth day.

Plaintiff must provide proof of service of its application for a confirmation order. If service of the application has already occurred, Plaintiff must file proof of service indicating the date service on Defendants was made. If Plaintiff has not yet served the

application on Defendants, Plaintiff shall do so forthwith.  In either case, Plaintiff shall file proof of service no later than January 3, 2011.  Accordingly,

IT IS ORDERED that Plaintiff is DIRECTED to file proof of service of its "Motion for Confirmation of Arbitration Award" [Dkt. # 1] **by January 3, 2011**.


 s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  December 22, 2010


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 22, 2010, by electronic and/or ordinary mail.

 s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522